**UTAH VALLEY HOSPITAL v. INDUSTRIAL COMMISSION OF UTAH et al.**

**No. 4479.**

United States Court of Appeals
Tenth Circuit.

Oct. 2, 1952.

Louis H. Callister, Salt Lake City, Utah, for appellant.

Allen B. Sorensen, Asst. Atty. Gen. (Clinton D. Vernon, Atty. Gen., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the District Court for the District of Utah, dismissing appellant's complaint for failure to state a cause of action for want of jurisdiction.

The complaint alleged that the action arose under the National Labor Relations Act, as amended, 29 U.S.C.A. § 141 et seq. It alleged that the plaintiff, The Utah Valley Hospital, was a non-profit charitable hospital, organized under the laws of Utah; that it was engaged in interstate commerce and in activities affecting such commerce; that the defendant, the Utah Industrial Commission, was a state agency designated by state law as the Utah Labor Board; that pursuant to an election the State Labor Board had certified the local C.I.O. Organization as the bargaining representative of plaintiff's employees; that plaintiff's hospital at all times objected to the jurisdiction of the State Labor Board over its employees; that in an unfair labor practice proceeding before the Board, plaintiff again objected to its jurisdiction to hear the matter, and for the same reason challenged its jurisdiction to enter the cease and desist order issued against it to cease and desist from the alleged unfair labor practices; that unless restrained by the federal court the Board would apply to the Supreme Court of Utah for an enforcement order, enforcing its void cease and desist order directed against it.

The basis of appellant's contention that the State Labor Board is without jurisdiction is that the National Labor-Management Act has pre-empted the field in all labor management relations in interstate commerce or activities affecting interstate commerce and has denied to the states the right to enter that field or any part thereof. Appellant took this same position in the Supreme Court of Utah in a proceeding challenging the constitutionality of the State Act and the jurisdiction of the State Board to make the order but its contentions were there rejected, the Supreme Court holding that the State Labor Board had jurisdiction of the controversy.[1]

Both the Wagner Act and the National Labor-Management Act of 1947 make it clear that Congress did not pre-empt the entire field of labor employer relations in the passage of these two laws. The Wagner Act excluded from its provisions the United States, any state or political sub-division thereof, or any person subject to the Railway Labor Act. The National Labor-Management Act further excluded any federal reserve bank and hospitals, if no part of their net earnings enured to the benefit of any private shareholder or individual.

Since Congress, although having the power so to do, has seen fit not to legislate with respect to charitable hospitals, they are free from any federal control with respect to their labor management relations and activities and, since Congress has seen fit to leave this segment of the field of interstate commerce unoccupied, it is difficult under recognized principles of law to see why the states may not enter this field and legislate with respect to that which Congress has expressly excluded from its laws.

Appellant, however, makes the ingenious argument that in excluding charitable hospitals from its Act, Congress not only intended that they should be free therefrom but that it further intended that they should be free from any regulation with respect to labor management relations by the states. From this, it is argued that the State Act constitutes a violation of the National Act and that, therefore, this action arises under the laws of the United States. Appellant with commendable candor concedes there is no judicial authority supporting this contention. We may further state there is no legislative history either with respect to the Wagner Act or the National Labor-Management Act supporting such a contention. Charitable hospitals are primarily state institutions, carrying on their activities within state boundaries. While for the purpose of this appeal the allegation of the complaint that appellant is engaged in interstate commerce and activities affecting such commerce stands

1. Utah Labor Relations Board v. Utah Valley Hospital, Utah, 235 P.2d 520.

admitted as true, it is doubtful that if required the contention could be sustained. In any event, we fail to detect anything in the Labor-Management Act of 1947 or its legislative history which can be construed as a mandate to a state not to legislate with respect to the maintenance of proper relations between employers and employees in charitable hospitals when Congress saw fit to exclude them from the operation of the National Labor-Management Act.

Affirmed.